UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

| | | |
|---|---|---|
| CHRISTY RICHARDSON, | } | Case No.  3:17-cv-00005 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| CHOICE LOAN OF GEORGIA, INC. | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |
| _____/ | | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1.  Plaintiff CHRISTY RICHARDSON, through her attorney, brings this action to challenge the actions of Defendant CHOICE LOAN OF GEORGIA, INC., for unlawful conduct in connection with debt collection activity.

2.  The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff.  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3.  After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors.  To this end,

the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA"). The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff. "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." *Id.* at § 559.552.

4. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5. This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in the City of Gulf Breeze, County of Santa Rosa, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8. Plaintiff is a natural person.

9. Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant used instrumentalities of interstate commerce or the mails in business the principle purpose of which is the enforcement of security interests.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because she was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because she was allegedly obligated to pay a debt.

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. At some point prior to July 27, 2016, Plaintiff took out a loan from Defendant, whose interests were secured by Plaintiff's 2006 Chevy Impala as collateral.

15. On July 27, 2016, Defendant sent Plaintiff an e-mail in an attempt to collect upon an alleged debt created by alleged nonpayment of the loan described in paragraph 14, above.

16. In the July 27, 2016 e-mail described in paragraph 15, above, Defendant took an extremely hostile tone, seeing fit to threaten Plaintiff, including, but not limited to, in the following manner:

"You can stop THE CIVIL WARRANT FOR MALICIOUS INTENT and FRAUDULENT activities on the account information you provided that may be issued by the Sheriff in your county, the additional cost of court fees, the embarrassment of being served at your job or home by merely making a honorable payment arrangement to repay your loan.  ALL WE WANT IS A TRUE RE-PAYMENT method you will honor to recoup the money legally owed  to us.  WE DO NOT WISH to incur additional costs to you or more fear and embarrassment.  WE WANT TO BE YOUR FRIEND AND HAVE CONTINUED

BUSINESS FOR YEARS TO COME. If you do not make honorable arrangements to pay then we will take the necessary legal means to go to court, seize needed property, or use any civil charges we can to insure we exhaust our legal rights."

17. On August 18, 2016, Defendant sent Plaintiff an e-mail in an attempt to collect upon an alleged debt created by alleged nonpayment of the loan described in paragraph 14, above.

18. In the August 18, 2016 e-mail described in paragraph 17, above, Defendant took an extremely hostile tone, seeing fit to threaten Plaintiff, including, but not limited to, in the following manner:

"You can stop THE WARRANTS that will be issued by the Sheriff in your county, the additional cost of court, the embarrassment of being served at your job or home by merely making a honorable payment arrangement to repay your loan.  WE HAVE THE LEGAL PROMISSORY NOTE listing the property which we will seize or have other warrants issued if the property is not available.  ALL WE WANT IS A TRUE RE-PAYMENT method you will honor to recoup the money legally owed us.  WE DO NOT WISH to incur additional costs to you or more fear and embarrassment.  WE WANT TO BE YOUR FRIEND AND HAVE CONTINUED BUSINESS FOR YEARS TO COME. If you do not make honorable arrangements to pay then we will take the necessary legal means to go to court, seize needed property, or use any criminal charges we can to insure we exhaust or legal rights."

19. On August 19, 2016, Defendant sent Plaintiff an e-mail in an attempt to collect upon an alleged debt created by alleged nonpayment of the loan described in paragraph 14, above.  This e-mail was identical to the e-mail described in paragraphs 17-18, above.

20. On October 17, 2016, Defendant sent Plaintiff an e-mail in an attempt to collect upon an alleged debt created by alleged nonpayment of the loan described in paragraph 14, above. This e-mail was identical to the e-mail described in paragraphs 15-16, above.

21. On October 27, 2016, Defendant sent Plaintiff a letter in the U.S. mail in an attempt to collect upon an alleged debt created by alleged nonpayment of the loan described in paragraph 14, above.

22. In the October 27, 2016 letter described in paragraph 21, above, Defendant took an extremely hostile tone, seeing fit to threaten Plaintiff, including, but not limited to, in the following manner:

> "You listed PROPERTY that you can VOLUNTARILY bring to us to sell to offset your balance. If you do not have this property when requested for repossession then you can also be charged with criminal fraud."

## FIRST CLAIM FOR RELIEF

### Violation of the FDCPA, 15 U.S.C. § 1692, et seq.

23. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-22, as if fully set forth herein.

24. By threatening to take a nonjudicial action to effect dispossession of property with no present right to possession of the property claimed as collateral through an enforceable security interest, no present intention to take possession of the property, or both, Defendant has engaged in illegal unfair practices under the FDCPA, 15 U.S.C. § 1692f(6).

25. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

26. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

27. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

28. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

29. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

30. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

### Violation of the FCCPA, Fla. Stat. § 559.55, et seq.

31. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-22, as if fully set forth herein.

32. By sending Plaintiff multiple communications in which Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass Plaintiff, Defendant has acted in violation of the FCCPA, Fla. Stat. § 559.72(7).

33. By sending Plaintiff multiple communications in which Defendant asserted the existence of a legal right when Defendant knows such does not exist, Defendant has acted in violation of the FCCPA, Fla. Stat. § 559.72(9).

34. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

35. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

36. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

37. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

38. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

39. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

40. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 3rd day of January, 2017,

By Plaintiff's attorney: /s/ Nicholas Michael Murado_____

Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com